35264. KING v. FOX et al.

UNDERCOFLER, Presiding Justice.

This is a land line dispute. The jury found for the plaintiffs-appellees "that the dividing line between the

---

property of plaintiffs in land lot 168 and the property of defendant in land lot 153 is the line surveyed by Joe Dubeau and shown on his plot of survey dated 18 January, 1978." The jury also awarded plaintiffs-appellees $280 damages. Appellant claims he was entitled to directed verdicts on adverse possession and damages. He contends also that the trial court erred in giving certain instructions to the jury and in refusing to give certain requested instructions. We affirm.

Appellant purchased his land from Cox in 1977 but he has lived on the land 28 years. Appellees have been in possession of their land for 24 years but it has been in the family since 1943. In 1972, appellees and Cox had the line in dispute surveyed, cleared it, and set corner posts and pull posts every 300 feet on the surveyor's stakes. Each party paid one-half the costs. Appellees and Cox each purchased seven rolls of wire and some line posts to complete the fence. Appellees strung their wire at a cost of $280. Cox did not put up his wire. After appellant purchased the Cox land he removed the fence and began erecting a new fence some 900 feet to the east on land claimed by appellees. Appellees brought this action to enjoin the trespass and for damages. The 1978 Dubeau survey which was accepted by the jury as the dividing line varies from the 1972 survey and fence line only 15 feet on the north corner to a few feet on the south corner.

1. This is a classic land line case with all the typical law and fact disputes over prescriptive rights and boundary line agreements. We have read the transcript of evidence. We conclude the appellant was not entitled to directed verdicts on adverse possession and damages.

It is interesting to note that the jury found the true land lot line as established by the Dubeau survey. Appellant only claims property to the land lot line. In essence then he merely disputes the accuracy of the Dubeau survey. That issue was resolved by the jury.

2. We have reviewed the trial court's jury charge. We find it comprehensive with all applicable principles of law presented fairly and stated correctly. There was no error in denying appellant's requests to charge.

*Judgment affirmed. All the Justices concur.*

Submitted August 30, 1979 — Decided
October 16, 1979 — Rehearing
denied November 6, 1979.

*Vansant, Engram & Corriere, Alfred N. Corriere,* for appellant.

*Perry, Walters, Lippitt & Custer, Jesse W. Walters, Anthony A. May,* for appellees.